**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SIERRA CLUB, <u>et al.</u>,<br><br>                    Plaintiffs,<br><br>      v.<br><br>KEN SALAZAR, <u>et al.</u>,<br><br>                  Defendants. | )<br>)<br>)<br>)<br>)<br>)     Civil Action No. 10-1513 (RBW)<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER**

      The Sierra Club, the Ohio Valley Environmental Coalition, the Friends of Blair Mountain, Inc., the West Virginia Labor History Association, the National Trust for Historic Preservation in the United States, and the West Virginia Highlands Conservancy, the plaintiffs in this civil case, seek relief under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2)(A) (2006), alleging that the following defendants violated the National Historic Preservation Act ("NHPA"), 16 U.S.C. § 470a(a)(6) (2006), and the Code of Federal Regulations ("C.F.R.") Part 60, 36 C.F.R. § 60, by "removing the Blair Mountain Battlefield . . . from listing in the National Register of Historic Places ('National Register')": the Department of the Interior (the "DOI"), Ken Salazar, in his official capacity as the Secretary of the DOI, Jon Jarvis, in his official capacity as the Director of the National Park Service, and Carol Shull, in her official capacity as the Keeper of the National Register of Historic Places. First Amended Complaint for Declaratory and Injunctive Relief ¶¶ 1, 70.

      The plaintiffs have moved for summary judgment pursuant to Federal Rule of Civil Procedure 56. Plaintiffs' Motion for Summary Judgment ("Pls.' Mot.") at 1. The United Mine

Workers of America ("UMWA") then moved for leave to file a brief as amicus curiae in support of the plaintiffs' motion, asserting that it could provide a unique perspective on the administrative proceedings relating to the nomination of Blair Mountain Battlefield ("Battlefield") as a listed property in the National Register and "the historic significance of the nominated site and the importance of its preservation."   Unopposed Motion of the United Mine Workers of America For Leave To File A Brief As Amicus Curiae In Support Of Plaintiffs' Motion for Summary Judgment at 4.  The Court granted the UMWA's motion, and its brief was accepted for filing.   The defendants thereafter filed a memorandum in opposition to the plaintiffs' motion for summary judgment, as well as their own cross-motion for summary judgment.

Currently before the Court is the West Virginia Coal Association Inc.'s ("WVCA") motion for leave to file a brief as amicus curiae in support of the defendants' cross-motion for summary judgment.   "The WVCA is a trade association that represents the companies responsible for over 90 percent of West Virginia's coal production."   West Virginia Coal Association Inc.'s Motion for Leave to File a Brief as Amicus Curiae in Support of Defendant's Brief in Opposition to Summary Judgment and Cross Motion for Summary Judgment ("WVCA's Mot.") at 2.  The WVCA posits that "any decision by this Court reviewing the de-listing decision of the Keeper, will directly affect the WVCA and its members in this case, and in future . . . NHPA . . . cases involving land in West Virginia that has pre-existing or future surface or underground coal mining permits."   Id.  Important to the resolution of the WVCA's motion is the assertion that it "has a strong interest in ensuring that non-profit groups, such as the [p]laintiffs in this case, do not misuse the NHPA as a backdoor or improper means to promote their agenda." Id.  Specifically, the WVCA believes, based on information obtained in a petition by the

plaintiffs to the West Virginia Department of Environmental Protection, "that the [p]laintiffs are . . . attempting to use historical preservation law as part of a multi-pronged attack on West Virginia coal interests and the WVCA's members." Id.  The WVCA contends that it has unique information regarding the plaintiffs' standing to file their claim, as well as the timing of their claim. Id. at 4.  After carefully considering all the relevant submissions by the parties,[1] the Court concludes for the following reasons that the WVCA's motion should be granted.

"District courts have inherent authority to appoint or deny amici, which is derived from Rule 29 of the Federal Rules of Appellate Procedure."  Jin v. Ministry of State Sec., 557 F. Supp. 2d 131, 136 (D.D.C. 2008) (internal quotation marks omitted).  However, there is "[n]o statute, rule, or controlling case [that] defines a federal district court's power to grant or deny leave to file an amicus brief.  See Sierra Club v. Fed. Emergency Mgmt. Agency, CIV.A. H-07-0608, 2007 WL 3472851, at *1 (S.D. Tex. Nov. 14, 2007) (internal quotation marks and citation omitted).  "[I]t is solely within the discretion of the Court to determine the fact, extent, and manner of participation by the  amicus."  Cobell v. Norton, 246 F. Supp. 2d 59, 62 (D.D.C. 2003) (internal quotation marks and citation omitted).  Requests for leave to file amicus briefs will generally be granted when "the information offered is timely and useful."  Ellsworth Assocs., Inc. v. United States., 917 F. Supp. 841, 846 (D.D.C. 1996) (internal quotation marks and citation omitted).  Furthermore, amicus briefs are typically allowed when:

> . . . a party is not represented competently or is not represented at all, when the amicus has an interest in some other case that may be affected by the decision in

---

[1] The Court considered the following submissions, and their attached exhibits in resolving the WVCA's motion, the plaintiffs' Opposition to the Motion for Leave to File an Amicus Curiae Brief Filed by the West Virginia Coal Association ("Pls.' Opp'n"), and the defendants' Opposition to Plaintiffs' Motion For Summary Judgment and Defendants' Cross-Motion for Summary Judgment ("Defs.' Opp'n to Sum. J.").

the present case (though not enough affected to entitle the amicus to intervene and become a party in the present case), or when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide.

Ryan v. Commodity Futures Trading Comm'n, 125 F.3d 1062, 1063 (7th Cir. 1997).

The WVCA does not challenge the competence of the defendants' counsel,[2] nor does it contend that it has an interest in another existing case that will be affected by the decision that will be rendered in this case.  See WVCA's Mot. at 1-5.  Rather, the WVCA asserts that it can provide unique information regarding the mootness of the claim, and the plaintiffs' standing to bring it.  See id. at 4.  Although the defendants have raised the issue of standing in their cross-motion for summary judgment,  Defendants' Opposition to Plaintiffs' Motion for Summary Judgment and Defendants' Cross-Motion for Summary Judgment ("Defs.' Opp'n to Sum. J.") at 19-23, any additional information that the WVCA can provide on the issues of the plaintiffs' standing or not yet submitted input concerning mootness will be helpful to the Court.   In particular, the WVCA posits that it has information about the number of "properly considered landowners who object to" the listing of their property in the National Register "as a result of subsequent efforts by the [p]laintiffs before the West Virginia State Historic Preservation Office."  WVCA's Mot. at 4.  Because property with multiple private owners can only be listed in the National Register if the majority of owners do not object to that listing, 16 U.S.C. § 470a(a)(6),   the exact number of owners currently objecting to the listing of the Battlefield in the National Register can help the Court determine whether the plaintiffs' claim to restore the Battlefield's listing in the National Register has become moot.

---

[2] The Court notes that the "[d]efendants do not oppose th[e WVCA's] motion."  WVCA's Mot. at 1.

Additionally, one of the plaintiffs' positions is that their interests in "using, enjoying, protecting, and appreciating the Blair Mountain Battlefield are threatened and adversely affected" by its removal from the National Register because the Battlefield will be vulnerable to mining activities. Pls.' Mot. ¶ 7. They, therefore, request that the Court protect the Battlefield by restoring its listing in the National Register. Plaintiffs' First Amended Complaint for Declaratory and Injunctive Relief at 23. The defendants respond that the plaintiffs' requested relief may not necessarily protect the Battlefield because "surface coal mining may proceed, despite a National Register listing, if the regulatory authority and the Federal, State, or local agency with jurisdiction over the property jointly approve of the mining operation." Defs.' Opp'n to Sum. J. at 22 (citing the Surface Mining Control and Reclamation Act of 1977, 30 U.S.C. § 1272(e)(3) (2006)). The WVCA represents that it can inform the Court that such joint approval does exist, in the form of its members' pre-existing surface coal mining permits, WVCA's Mot. at 4, and this information about the permits will "likely" contribute to the Court's determination of whether the relief the plaintiffs seek will prevent the injury they assert.

The plaintiffs oppose the WVCA's motion for leave to file an amicus brief for two reasons. First, they argue that the amicus brief will not be helpful to the Court. Plaintiffs' Opposition to the Motion for Leave to File an Amicus Curiae Brief Filed by the West Virginia Coal Association ("Pls.' Opp'n") at 6-10. As explained above however, the WVCA's amicus brief will possibly aid the Court in its resolution of the defendants' opposition and cross-motion for summary judgment. Second, the plaintiffs contend that the WVCA's motion is untimely and therefore prejudicial. Pls.' Opp'n at 2-6. They note that the motion was not filed within seven days after the defendants' opposition and cross-motion for summary judgment were filed, as required by Federal Rule of Appellate Procedure 29(e). Id. at 2-4. As noted above, a district

court's authority to grant leave to file an amicus brief is derived from Rule 29 of the Federal Rules of Appellate Procedure, but is not directly governed by it.[3]   And, because "[a]n amicus curiae, defined as [a] friend of the court, . . . does not represent the parties but participates only for the benefit of the Court[,] . . . it is solely within the discretion of the Court to determine the fact, extent, and manner of participation by the amicus." Cobell, 246 F. Supp. 2d at 62 (internal quotation marks and citation omitted).   Although the plaintiffs correctly point out that the WVCA could have made its request to file its amicus brief sooner, their claim of being prejudiced by the timing of WVCA's request is essentially eliminated by the Court's willingness to allow the plaintiffs to respond to the WVCA's amicus brief. And, while some delay will be occasioned by granting the WVCA's motion and according the plaintiffs the opportunity to respond to the WVCA's amicus brief, such delay will be minimal.  Moreover, any prejudice the plaintiffs will suffer from the delay is offset by the value the WVCA's contribution could have on the resolution of this case.  The Court therefore declines to preclude the WVCA from filing its amicus brief.

Accordingly, it is hereby

**ORDERED** that the WVCA's motion for leave to file its amicus brief is **GRANTED** and the Clerk of the Court shall accept the amicus brief attached to the WVCA's motion for filing as of the date of this Order.  It is further

**ORDERED** that the plaintiffs shall have 15 days from the date of this Order to file a

---

[3] Even if the Federal Rules of Appellate Procedure did govern this proceeding, the Court notes that it need not deny a motion that is filed more than seven days after the filing of the principal brief of the party being supported.  See Fed. R. App. P. 29(e) ("A court may grant leave for later filing, specifying the time within which an opposing party may answer.").  The plaintiffs' time for answering the WVCA's amicus curiae brief is set forth below.

response to the WVCA's amicus brief.

**SO ORDERED** this 1st day of February, 2012.


REGGIE B. WALTON
United States District Judge